UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 20-1317 (DSD/JFD)

Crown Iron Works Company,

       Plaintiff,

v.                                     **ORDER**

Intecnial, S.A.,

       Defendant.

This matter is before the court upon defendant Intecnial, S.A.'s motion to for relief under Federal Rule of Civil Procedure 60(b).

**BACKGROUND**

On June 5, 2020, plaintiff Crown Iron Works Company commenced this action against Intecnial, a Brazilian company based in Erechim, Brazil, seeking a declaration that claims raised by Intecnial against Crown are time barred.[1]  See Compl.  The court then granted Crown's motion for the issuance of letters rogatory for purposes of service of process.  ECF No. 7.  Thereafter, Crown received permission from the Brazilian Superior Court of Justice to serve Intecnial with the summons and complaint under the Inter-

---

[1] Intecnial filed suit against Crown in Brazil, alleging breach of contract in 2019.

American Convention. ECF No. 10. Intecnial was served on May 19, 2021. See ECF Nos. 14, 29. Intecnial nevertheless failed to respond to the lawsuit.

Crown then moved for the entry of default, which the clerk of court granted on October 1, 2021. ECF No. 17. Crown moved for default judgment on December 3, 2021, and the court granted the motion on January 10, 2022. ECF No. 23. Intecnial, through its CEO and director Airton Jose Folador, then moved to vacate or set aside the default judgment claiming that it was not properly served. The court denied the motion because Intecnial was not represented by counsel, as required. ECF No. 35. Now, more than three years later, Intecnial moves to vacate the default judgment and have the case dismissed for lack of personal jurisdiction.

Intecnial brings this motion because it has been awarded a substantial judgment in the Brazilian case, the enforceability of which is complicated by the court's default judgment in this case.

## DISCUSSION

"Under Rule 60(b), the district court may grant relief from a final order or judgment for mistake, newly-discovered evidence, fraud, voidness, satisfaction, or other reasons." Adduono v. World Hockey Ass'n, 824 F.2d 617, 620 (8th Cir. 1987). Intecnial moves for relief under Rule 60(b)(4) and Rule 60(b)(6).

Under Rule 60(b)(4), the court may vacate a default judgment if that judgment is void due to lack of jurisdiction. See Johnson v. Arden, 614 F.3d 785, 799 (8th Cir. 2010) ("A judgment is void if the rendering court lacked jurisdiction or acted in a manner inconsistent with due process."). Intecnial argues that the default judgment is void because it is not subject to personal jurisdiction in Minnesota.

Citing Rule 60(c)(1), the Eighth Circuit Court of Appeals has held that a " Rule 60(b)(4) motion must be made within a reasonable time[.]" The threshold question here, then, is whether Intecnial filed its motion within a reasonable time. "What constitutes a reasonable time is dependent on the particular facts of the case in question[.]" Watkins v. Lundell, 169 F.3d 540, 544 (8th Cir. 1999).

The facts here do not support a finding that Intecnial filed its motion within a reasonable time. The court entered default judgment on January 10, 2022. A few months later, Intecnial moved to vacate the judgment. ECF No. 25. The court explained that it was required to deny the motion because Intecnial, a corporate entity, did not have counsel. See ECF No. 35. Nothing else occurred until September 2025, when Intecnial filed this motion to vacate under the representation of counsel. Under these circumstances, the court simply cannot conclude that this motion was filed within a reasonable time. For over three years,

Intecnial was silent despite knowing that it needed to secure counsel to properly pursue a motion to vacate.  Nothing in Intecnial's papers adequately explains why it failed to do so for such a long period of time.

Intecnial's argument under Rule 60(b)(6) fares no better, as it is also subject to the reasonableness standard.  See Fed. R. Civ. P. 60(c)(1); Watkins, 169 F.3d at 544 ("Before considering the merits of a Rule 60(b)(6) motion, we must consider whether the motion was made within a reasonable time.").  As a result, the court must deny the motion.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the motion for relief from judgment [ECF No. 37] is denied.

Dated: October 30, 2025

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court